IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMANDA BARTH, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   3:12-cv-00872-GPM-SCW |
| v. | ) |
| | ) |
| ROSENTHAL, MORGAN AND THOMAS, INC., | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, AMANDA BARTH, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, ROSENTHAL, MORGAN AND THOMAS, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. AMANDA BARTH, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Highland, County of Madison, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Whisper Internet Service (hereinafter "the Debt").

6. The Debt was for a bill relative to internet services received, which was incurred for the personal use of Plaintiff and/or for her household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. ROSENTHAL, MORGAN AND THOMAS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is incorporated in the State of Missouri.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. On or about May 24, 2012, upon information and belief, the original creditor to whom Plaintiff owed the Debt sent Plaintiff a correspondence. (See a true and exact copy of said correspondence, dated May 24, 2012, attached hereto as **Exhibit A**).

15. In the correspondence, dated May 24, 2012, the original creditor to whom Plaintiff owed the Debt stated Plaintiff owed an amount due of $289.98 relative to the Debt.

16. On or about June 8, 2012, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt. (See a true and exact copy of said correspondence, dated June 8, 2012, attached hereto as **Exhibit B**).

17. In the correspondence, dated June 8, 2012, Defendant stated Plaintiff owed an amount due of $376.97 relative to the Debt.

18. Upon information and belief, the correspondence Defendant sent to Plaintiff, dated June 8, 2012, was the first correspondence Defendant sent to Plaintiff relative to the Debt.

19. Upon information and belief, prior to June 8, 2012, Defendant had not initiated any telephone calls to Plaintiff in an attempt to collect the Debt.

20. Upon information and belief, prior to June 8, 2012, Defendant had not engaged in attempts to collect the Debt from Plaintiff.

21. Upon information and belief, even if Defendant was entitled to collect costs incurred in attempting to collect the Debt from Plaintiff , as of June 8, 2012, Defendant had not incurred costs in the amount of $86.99 relative to the Debt.

22. Upon information and belief, at the time Defendant sent the correspondence to Plaintiff, dated June 8, 2012, Plaintiff owed less than $376.97 relative to the Debt.

23. Upon information and belief, Defendant's representation to Plaintiff that she owed $376.97, on June 8, 2012, relative to the Debt was false, deceptive and/or misleading given that Plaintiff owed less than the aforesaid amount on that date.

24. Upon information and belief, Defendant's representation to Plaintiff that she owed $376.97, on June 8, 2012, relative to the Debt misrepresented the character, nature and/or legal status of the Debt given that Plaintiff owed less than the aforesaid amount on that date.

25. On or about June 15, 2012, Defendant initiated a telephone call to Plaintiff in an attempt to collect the Debt.

26. On or about June 15, 2012, Defendant's duly authorized representative engaged in a telephone conversation with Plaintiff wherein Defendant told Plaintiff that he was calling on behalf of an attorney to collect the Debt.

27. Upon information and belief, Defendant's duly authorized representative was calling on behalf of a debt collection company and not on behalf of an attorney.

28. Upon information and belief, Defendant's representation that it was calling on behalf of an attorney was false, deceptive and/or misleading given Defendant's duly authorized representative was calling on behalf of a debt collection company and not on behalf of an attorney.

29. During the course of the aforesaid telephone conversation between Plaintiff and Defendant, Defendant told Plaintiff that she had to pay the Debt.

30. Plaintiff told Defendant that she was under the belief that her ex-husband was paying the Debt.

31. Defendant responded to Plaintiff's statement by telling Plaintiff if she did not work out a payment with Defendant during the telephone call then Plaintiff's file would be forwarded to an attorney.

32. Defendant told Plaintiff that if her file was forwarded to an attorney then Plaintiff would have to pay court fees and processing fees which would cause the amount of the Debt to double.

33. Plaintiff then requested that she be able to contact friends or family members so that she could obtain funds in order to pay Defendant for the Debt.

34. Defendant told Plaintiff that she could not have time to contact anyone to see if they could provide her with funds to pay the Debt.

35. Defendant told Plaintiff "if you hang up this telephone call you reject my offer."

36. Due to Defendant's statements, as delineated above, Plaintiff believed if she did not make an immediate payment to Defendant then her file would be forwarded to an attorney.

37. Defendant's representations to Plaintiff, as delineated above, that if Plaintiff did not pay the Debt then her matter would be forwarded to an attorney had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay the Debt then Defendant would file a lawsuit against her.

38. Defendant's representations to Plaintiff, as delineated above, that if Plaintiff did not pay the Debt then her matter would be forwarded to an attorney which could cause the amount of the Debt to double as a result of court fees and processing fees had the effect of conveying to an unsophisticated consumer that if Defendant filed a lawsuit against Plaintiff then the amount of the Debt would double.

39. Defendant's representations to Plaintiff that if it filed a lawsuit against Plaintiff then the amount of the Debt would double was false, deceptive and/or misleading given that the filing of a lawsuit against Plaintiff would not result in Defendant summarily being able to collect double the amount of the Debt from Plaintiff.

40. Defendant's representations to Plaintiff that if it filed a lawsuit against Plaintiff then the amount of the Debt would double was false, deceptive and/or misleading given that Defendant had no power or authority to double the amount of the Debt on which it was collecting by merely filing a lawsuit against Plaintiff relative to the Debt.

41. Defendant's representations to Plaintiff, as delineated above, that if Plaintiff did not pay the Debt then her matter would be forwarded to an attorney which could cause the amount of the Debt to double as a result of court fees and processing fees caused Plaintiff to believe that if she did not make an immediate payment to Defendant then Defendant would file a lawsuit against her.

42. Defendant's representations to Plaintiff, as delineated above, that if Plaintiff did not pay the Debt then her matter would be forwarded to an attorney which could cause the amount of the Debt to double as a result of court fees and processing fees caused Plaintiff to believe that if she did not make an immediate payment to Defendant then she would have to pay double the amount of the Debt to Defendant.

43. Defendant's representations to Plaintiff, as delineated above, were made to Plaintiff in an attempt to coerce Plaintiff into making a payment to Defendant relative to the Debt.

44. Defendant's statements made to Plaintiff during the course of the aforesaid telephone conversation caused Plaintiff to become upset and anxious at the thought that a lawsuit would be filed against her if she did not pay the Debt.

45. Defendant's statements made to Plaintiff during the course of the aforesaid telephone conversation caused Plaintiff to experience distress and to cry.

46. During the course of the aforesaid telephone call, as a result of Defendant's statements, Plaintiff told Defendant she would make a payment to Defendant relative to the Debt.

47. Defendant told Plaintiff that her payment to Defendant would have to be processed by June 30, 2012.

48. Plaintiff then provided Defendant with her checking account information so that she could make a post-dated payment to Defendant on June 30, 2012.

49. Immediately after Plaintiff engaged in the aforesaid telephone conversation with Defendant, Plaintiff initiated a telephone call to her sister.

50. Plaintiff then engaged in a telephone conversation with her sister wherein Plaintiff was crying on the telephone call with her sister.

51. Plaintiff informed her sister of the contents of the telephone conversation with Defendant.

52. Plaintiff's sister told Plaintiff that she should cancel the payment Plaintiff had scheduled with Defendant.

53. Plaintiff was so upset and distressed after having talked to Defendant that she did not want to speak to Defendant and inform Defendant that she wanted to cancel the payment.

54. Plaintiff's sister told Plaintiff that she would contact Defendant to cancel the payment Plaintiff scheduled with Defendant.

55. On that same day, Plaintiff then initiated a telephone call to Defendant and provided Defendant with consent to speak to her sister.

56. On that same day, after Plaintiff gave Defendant consent to speak with her sister, Plaintiff's sister engaged in a telephone conversation with Defendant.

57. Plaintiff's sister spoke to the same duly authorized representative with whom Plaintiff had provided her checking account information, as delineated above.

58. Plaintiff's sister told Defendant that Plaintiff wanted to cancel making the post-dated payment that Plaintiff had scheduled with Defendant earlier that same day.

59. Defendant's duly authorized representative then denied having knowledge about Plaintiff scheduling a post-dated payment with Defendant.

60. Defendant further told Plaintiff's sister that Plaintiff had never agreed to make a payment to Defendant.

61. Plaintiff's sister informed Plaintiff of the contents of her telephone conversation with Defendant.

62. Defendant's representation that Plaintiff had never agreed to make a payment to Defendant, as delineated above, was false, deceptive and/or misleading given that earlier that same day Plaintiff had provided Defendant with her checking account information so that Defendant could accept a payment from Plaintiff, prior to June 30, 2012, relative to the Debt.

63. Defendant's representation that Plaintiff had never agreed to make a payment to Defendant, as delineated above, was abusive and/or harassing given that at the time Defendant made the aforesaid representation Defendant's duly authorized representative was cognizant that earlier that day Plaintiff had agreed to make a payment to Defendant.

64. To date, Plaintiff has not made a payment to Defendant relative to the Debt.

65. To date, Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

66. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

67. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

68. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

69. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   f. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

   g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

70. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

71. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, AMANDA BARTH, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**AMANDA BARTH**

By:    s/ David M. Marco
       Attorney for Plaintiff

Dated: August 3, 2012

David M. Marco (Atty. No.: 6273315)
SmithMarco, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:  dmarco@smithlaw.us